11-3698-cv
*Argay, et al. v. National Grid USA Serv. Co., Inc., Niagara Mohawk Power Corp.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*[1]

_____

JOHN L. ARGAY, PAUL K. DAMMERS,
GARY P. DENAULT, ROGER A. DOOLEY,
WILLIAM A. FLEMING, GERALD D. LINDSEY,
KAREN S. MAXWELL, ROBERT T. MEARON,
JAMES R. PATERSON, LAWRENCE D. RIORDEN,
WILLIAM B. SPENCER, ROBERT EASTHAM,
ROBERT OSBORNE, PATRICK REAP,
DAVID SLATTERY, ROMAN SZUL,

*Plaintiffs-Appellants*,       11-3698-cv

WILLIAM J. BONENERG, RICHARD J. HANDZEL,
WILLIAM LOBKO, JOHN S. MCCOY,
THEODORE W. PYTEL, DAVID R. NORTON,
CHRISTROPHER DOOL, DANIEL DARJANY,
MICHAEL SCHLEGEL, JEFFREY A. STEGER,

[1] The Honorable David G. Larimer, of the United States District Court for the Western District of New York, who had originally been assigned to this panel, recused himself. The remaining two members of the panel decide the matter pursuant to Second Circuit Internal Operating Procedure E(b).

FRANK AMATANGELO, GARY VANHATTEN,

Plaintiffs,

-v.-

NATIONAL GRID USA SERVICE COMPANY, INC.,
NIAGARA MOHAWK POWER CORPORATION,

Defendants-Appellees.

FOR PLAINTIFFS-APPELLANTS: Christen Archer Pierrot,
Chiacchia & Fleming, LLP,
Hamburg, NY.

FOR DEFENDANTS-APPELLEES: Robert A. Laberge, Louis Orbach,
Clifford G. Tsan, Bond,
Schoeneck & King, PLLC,
Syracuse, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Western District of New York is **AFFIRMED**.

Plaintiffs appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*), granting Defendants' motion for summary judgment and dismissing Plaintiffs' claims arising from Defendants' decision to amend Plaintiffs' post-retirement life insurance plan ("Plan A"). The district court determined, *inter alia*, that Plaintiffs' benefits had not

2

contractually vested under the plan and that Defendants did not breach any fiduciary duties owed to Plaintiffs. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiffs principally argue that the district court erred in finding that their benefits under Plan A had not contractually vested prior to the merger of Niagara Mohawk and National Grid in 2002 and the subsequent change in benefits under Plan A. We affirm substantially for the reasons given by the district court.

The benefits provided by welfare plans "generally are not vested and an employer can amend or terminate a welfare plan at any time." *Am. Fed'n of Grain Millers, AFL-CIO v. Int'l Multifoods Corp.*, 116 F.3d 976, 979 (2d Cir. 1997). An express promise of lifetime benefits, however, will be enforced. *See Devlin v. Empire Blue Cross & Blue Shield*,

3

274 F.3d 76, 85 (2d Cir. 2001).  To avoid summary judgment on an ERISA contractual vesting claim, an employee must identify "specific written language" in the plan documents that is "reasonably susceptible to interpretation as a promise to vest the benefits."  *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 60 (2d Cir. 2008) (citation and internal quotation marks omitted).  If a plan document contains an express reservation of rights to terminate or amend welfare benefits, the benefits do not vest. *Multifoods*, 116 F.3d at 982.  This is true even if the *same* plan document also contains language that could otherwise reasonably be construed as a promise to vest.  *See Abbruscato v. Empire Blue Cross & Blue Shield*, 274 F.3d 90, 94, 100 (2d Cir. 2001).

Plan A documents issued from 1967 onward contain language sufficient to reserve Defendants' right to terminate or amend the plan.  As a result, Plaintiffs' benefits did not contractually vest and Defendants were free to alter the terms of Plan A.  Additionally, Plaintiffs' election to retain Plan A did not create a unilateral contract between Plaintiffs and Defendants because Defendants had already reserved their right to terminate the

4

plan, *i.e.*, to revoke their offer.  *Cf*. *Devlin*, 274 F.3d at 84-85.  Plaintiffs' promissory estoppel claim fails for similar reasons: Plaintiffs cannot identify any written language sufficient to create a promise by Defendants to ensure Plan A benefits indefinitely.[2]

The district court correctly rejected Plaintiffs' claims for breach of fiduciary duty because (1) Defendants did not act in a fiduciary capacity in setting premiums for Plan A participants, and (2) none of Plaintiffs' payments inured to the benefit of Defendants because they were used to offset Defendants' total liabilities under a single welfare plan.  We have considered Plaintiffs' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Plaintiffs also cannot show the "extraordinary circumstances" we require to succeed on a promissory estoppel claim in ERISA cases.  *See, e.g.*, *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 78, 80 (2d Cir. 1996).